UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
Eddystone Rail Company, LLC, :
:
                Plaintiff, :
:
– against – :
: Case No. 1:19-cv-09584 (GBD)
Bank of America, N.A., Capital One, N.A., Fifth Third : (GWG)
Bank, JPMorgan Chase Bank, N.A., Wells Fargo :
Bank, N.A., The Bank of Tokyo-Mitsubishi UFJ, Ltd., :
Suntrust Bank, BMO Harris Bank, N.A., CIBC Bank :
USA (f/k/a The PrivateBank & Trust Company), U.S. :
Bank National Association, TPG Specialty Lending, :
Inc., PNC Bank, Nat'l Assoc., Tao Talents, LLC, and :
Pontus Holdings, Ltd., :
:
                Defendants. :
:
------------------------------------------------------------ x

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiff Eddystone Rail Company, LLC ("Plaintiff") and Defendants Bank of America, N.A. ("BofA"), Capital One, N.A., Fifth Third Bank, JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., The Bank of Tokyo-Mitsubishi UFJ, Ltd. (n/k/a MUFG Bank, Ltd.), SunTrust Bank (n/k/a Truist Bank), BMO Harris Bank, N.A., CIBC Bank USA (f/k/a The PrivateBank & Trust Company), U.S. Bank National Association, TPG Specialty Lending, Inc. (n/k/a Sixth Street Specialty Lending, Inc.), PNC Bank, National Association, TAO Talents, LLC, and Pontus Holdings, Ltd. ("Defendants") are engaged in the above-captioned lawsuit (the "Litigation") that may require the disclosure of confidential business, financial, and other matters not otherwise available to the public;

WHEREAS, Plaintiff and Defendants wish to protect their private and confidential personal, business, financial and other documents, information and testimony; and

1

WHEREAS, this Stipulated Protective Order is intended to safeguard the private and confidential documents, information, and testimony of Plaintiff, Defendants, and any future-named parties to this Litigation (each individually, a "Party", and collectively, the "Parties"), as well as any producing third party or subpoenaed entity not named as a Party to this Litigation ("Third Party" or "Third Parties");

IT IS HEREBY AGREED AND ORDERED as follows:

### DESIGNATION OF CONFIDENTIAL INFORMATION

1. The Party, and any Third Party, that produces documents, information or testimony in this Litigation ("Producing Party") may designate, in the manner set forth herein, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" any document, information or testimony produced by it in the course of this Litigation.

2. The designation "CONFIDENTIAL" may be applied to any document, information (regardless of how it is generated, stored or maintained), or testimony that pertains to confidential business, financial, or other matters not otherwise available to the public, or matters that qualify for protection under Federal Rule of Civil Procedure 26.

3. The designation "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be applied to any document, information (regardless of how it is generated, stored or maintained), or testimony that is extremely sensitive and the disclosure of which to another Party or Third Party would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means.

4. Designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall subject the document, information or testimony produced or provided under said designation ("Confidential Information") to the provisions of this Protective Order, except where the Protective Order applies more broadly, as expressly stated herein.

2

5. Any document or information produced may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by (a) making such designation on each page of the document, or (b) by identifying such document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" contemporaneously with or within five (5) business days after its production, in a written notice emailed to the Receiving Parties. In the event that a designation is made using the notice described in (b), above, the Producing Party shall provide a correctly designated copy of the document(s) endorsed with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend on each page within five (5) business days of the notice. The Receiving Parties will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

6. The Producing Party may designate testimony or any portion of deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by advising the reporter and counsel of such designation during the testimony or within twelve (12) business days after receipt of the final transcript once prepared by the reporter. Only those portions of the testimony that are appropriately designated for protection during the testimony or within the 12 days as aforesaid shall be covered by the provisions of this Protective Order, unless the entirety of the transcript is reasonably designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Transcripts containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" testimony shall have an obvious legend on the title page that the transcript contains Confidential Information. Prior to the end of the twelfth day, the Parties shall treat the transcript as "CONFIDENTIAL" under the terms of this Protective Order. Parties shall use best efforts to

give advance notice to the other Parties or to the relevant Producing Party if they reasonably expect a deposition, hearing, or other proceeding to include Confidential Information.

      7.      A Party or Third Party may increase the designation of any materials produced in this Litigation by any Party or Third Party (i.e., change any non-designated materials to "CONFIDENTIAL," or any "CONFIDENTIAL" materials to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"), provided that said materials contains the upward designating Party's own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information.  Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the materials whose designation is to be increased.  Promptly after providing such notice, the upward designating Party or Third Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  If there is no objection to the increased designation, the Receiving Parties will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.  Any Party may object to the increased designation, and if there is an objection, the upward designating Party or Third Party shall bear the burden upon motion of establishing the basis for the increased designation.

      8.      Any Party or Third Party may seek to downwardly designate or de-designate documents, information or testimony at any time.  The Party or Third Party asserting the challenge ("Challenging Party") shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must confer within five (5) business days of the date of service of notice of the challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must provide the

4

Producing (or designating) Party a chance to re-consider.  If the parties cannot resolve a challenge without court intervention within ten (10) business days of service of notice of the challenge, or if they formally agree that they have reached an impasse before that time (which agreement shall not be withheld in bad faith), the Challenging Party may file a motion with the Court, and said document, information or testimony will be treated as designated until such time as the Court makes a determination.  The Producing Party shall have the burden of demonstrating to the Court that the documents, information or testimony are properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

9. Any material which the Court files on the public docket, not under seal, shall be deemed part of the public domain and no longer subject to this Protective Order, regardless of the designation.  Nothing in this Paragraph, however, forbids any Party or Third Party from seeking to remove from the public docket any document, document excerpt, or information that was filed mistakenly or that should not be made public; under such circumstances, the document, document excerpt, or information shall remain subject to this Protective Order.

**TERMS SPECIFIC TO "CONFIDENTIAL" DESIGNATIONS**

10. Each of the Parties shall be entitled to review and use the materials so designated as "CONFIDENTIAL," subject to the terms of this Protective Order.

11. Under no circumstances, other than those specifically provided for in this Protective Order, shall the Parties disclose any part of any document, information or testimony designated as "CONFIDENTIAL," or permit the same to be disclosed to persons other than the following:

   a. Officers or employees of courts before which this Litigation is pending, including court clerks, court reporters, and any applicable appellate courts and their personnel;

    b. Counsel for the Parties ("Counsel"), and employees at those firms, such as paralegals or legal secretaries, and any litigation support service companies specifically engaged by Counsel for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents, but only to the extent necessary to assist Counsel;

    c. Parties, or directors, managers, partners, officers or employees of the Parties who are assisting Counsel in the prosecution or defense of this Litigation, including in-house attorneys for Parties, but only to the extent necessary to do so;

    d. Any person retained by a Party as a consulting expert, testifying expert, participant in a focus group or mock jury, or other outside consultant, except that such a person may only be shown any document, information or testimony designated as "CONFIDENTIAL" in connection with such consultation or testimony and in preparation therefore, and only to the extent necessary and after execution of Exhibit A hereto;

    e. Any mediator that the Parties jointly engage in this Litigation, or that this Court appoints, and only to the extent necessary and after execution of Exhibit A hereto;

    f. A Party's insurer or such insurer's counsel;

    g. Any person whose testimony is taken or is to be taken in this Litigation, except that such a person may only be shown documents, information or testimony designated as "CONFIDENTIAL" during his or her testimony and in preparation therefore;

    h. Court reporters, deposition transcript reporters, videographers, and any litigation support service companies specifically engaged by Counsel for the limited purpose of assisting in the preparation for, and conduct of, any deposition, hearing or trial in this Litigation, but only to the extent necessary to assist Counsel; and

     i.  A person who created, sent, received or has their conduct described in such documents, information or testimony designated as "CONFIDENTIAL."

     j.  Disclosure may be made to other persons upon written consent of the producing or designating person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the Producing Party due notice and an opportunity to be heard.

  12.  Before disclosing documents, information or testimony designated as "CONFIDENTIAL" to any person pursuant to Paragraph Nos. 11(d)–(e), hereof, counsel for a Party, as appropriate shall:

     a.  Show that person this Stipulation and Protective Order; and

     b.  Obtain from that person a written agreement that he or she will be bound by this Protective Order in the form attached hereto as Exhibit A.

**TERMS SPECIFIC TO "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" DESIGNATIONS**

  13.  Representatives of each of the Parties shall be entitled to review and use the materials so designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," subject to the terms of this Protective Order.

  14.  Under no circumstances, other than those specifically provided for in this Protective Order, shall Counsel disclose any part of any documents, information or testimony designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or permit the same to be disclosed to persons other than the following:

     a.  The persons identified in Paragraph Nos. 11(a), (b), and (d)–(j) hereof, under the terms set forth in Paragraph No. 12 hereof, as applicable; and

7

   b. In-house attorneys for the Parties to whom disclosure is reasonably necessary for this Litigation.

   c. An individual director, officer, or executive of a Party as of the date of this Order who has executed Exhibit A hereto but only on the condition that he or she may not: (1) keep a copy of the "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" materials other than as a segregated, confidential file devoted to the Litigation; (2) view such materials outside the direct supervision of the Party's Counsel; (3) take notes concerning the content of the such materials except insofar as needed to communicate with Counsel for a Party; (4) discuss with or disclose the contents of the such materials to any unauthorized parties; or (5) use such materials for any purpose other than in connection with the prosecution or defense of this Litigation.

## USE OF CONFIDENTIAL INFORMATION

 15. In the event a Party seeks to file any material that is subject to protection under this Order with the Court, the filing Party shall take appropriate action consistent with the Local Rules and Rule I.D of this Court's Individual Rules and Practices to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the Party, or Third Party, who designated the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"; or (2) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review.

   a. Absent circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the document to the Court shall first consult with counsel for the Party, or Third Party, who designated the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to determine if some measure

8

less restrictive than filing the document under seal may serve to provide adequate protection. Such measures may include redacting information as allowed by Rule I.D of this Court's Individual Rules and Practices.

      b. Any Party filing documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall submit the documents to the Court pursuant to Rule I.D of this Court's Individual Rules and Practices. However, if any documents were designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by another Party, the designating Party has the obligation to support the filing of those documents under seal within five (5) business days after the filing, either as part of the letter submitted by the filing Party, or in a separate letter to the Court.

  16. The inadvertent or unintentional production of documents, information or testimony containing or otherwise disclosing Confidential Information without being designated in accordance with this Protective Order at the time of production or disclosure will not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality as to the specific document, information or testimony disclosed. Any error in designation or in failing to designate, however, must be corrected within a reasonable time after the Producing Party becomes aware of the error.

  17. The protections conferred by this Protective Order cover not only documents, information and testimony designated as Confidential Information, but also (1) any information copied or extracted from such designated materials, (2) all copies, excerpts, summaries, or compilations of such designated materials, and (3) any testimony, conversations or presentations by Parties or their Counsel that might reveal the information contained in such designated materials.

18. In the event that Confidential Information is used in any depositions, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect the confidentiality of such documents, information and testimony designated as such during that use. The party designating the transcript, or the party seeking to use the Confidential Information if the Producing Party of such Confidential Information is not present, shall inform the court reporter of all applicable requirements set forth herein.

**USE OF INFORMATION PRODUCED IN THIS LITIGATION**

19. Absent a separate order by a court of appropriate jurisdiction, all documents, information and testimony produced in this Litigation by a Producing Party, regardless of designation (i.e., whether designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY", or not designated), and the substance or contents thereof, including any notes, memoranda or other similar documents relating thereto, that is not otherwise publicly available, shall be used by the Party (or Parties) who receives the production ("Receiving Party") solely for the purposes of this Litigation (including for prosecuting, defending or attempting to settle this Litigation), or appeals of this Litigation, or for any Party to pursue claims for indemnification, contribution, enforcement, or insurance coverage related to this Litigation. Produced documents, information and testimony shall not be disclosed, published, disseminated, or communicated to anyone, either directly or indirectly, or used in any other legal, regulatory and/or other proceeding (whether or not involving the same Parties), or for any other purpose, except as expressly allowed by this Protective Order. Nothing in this Protective Order shall prevent a Party from disclosing or using materials initially generated and maintained by it, or lawfully received by it, as it deems appropriate.

**THIRD PARTY PROTECTION**

20.     A copy of this Protective Order shall be furnished to any Third Party required to produce documents, information or testimony in this Litigation.  Third Parties who produce documents, information and testimony in this Litigation are entitled to the protections of this Protective Order, and documents, information and testimony produced by Third Parties shall be treated by the Parties in conformance with this Protective Order.  This Protective Order shall also apply with equal force to any Parties that may be brought into this Litigation after execution of this Protective Order.

**EXCEPTIONS FOR PUBLIC INFORMATION**

21.     The restrictions herein concerning use and disclosure shall not apply to documents, information and testimony that have been made available to the public.  The restrictions herein concerning use and disclosure shall also not apply to documents, information and testimony obtained through sources other than production by a Producing Party in this Litigation unless and until such documents, information and testimony are produced in this Litigation and designated in accordance with this Protective Order, and in such case shall apply only to the copy or version produced or so designated pursuant to this Protective Order.  Further, nothing contained in this Protective Order shall be deemed a limitation on any Party seeking a protective order regarding any documents, information or testimony produced by any other Party or non-public documents, information or testimony lawfully obtained from any other source.

**FEDERAL RULE OF EVIDENCE 502(d)**

22.     Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of privileged or work-product-protected documents or information (collectively, "Protected Information") in connection with this litigation is not a waiver of privilege or protection from discovery in this litigation or in any other state or federal proceeding.  Specifically, there has

been no waiver if a Producing Party discloses Protected Information, regardless of whether the Producing Party took reasonable steps to prevent the disclosure or to rectify the error, so long as the Producing Party complies with this Protective Order.

23. If a Producing Party has produced Protected Information, then:

    a. where the Producing Party first discovers that it has produced Protected Information, it shall promptly provide written notice to the party or parties receiving such (the "Receiving Party"), which notice shall include a statement of the basis for the Producing Party's contention that the information is privileged or protected; and

    b. where a Receiving Party first discovers a document or information that, in good faith, the Receiving Party believes the Producing Party may deem to be Protected Information, the Receiving Party shall promptly provide written notice to the Producing Party advising that the Producing Party may have produced Protected Information; and within seven (7) calendar days thereafter (or a greater time period agreed upon in writing by the Producing Party and the Receiving Party), the Producing Party shall provide written notice to the Receiving Party consistent in substance with the requirements of subparagraph a immediately above and describing the bases for any assertions of privilege or protection.

24. Upon receiving or giving notice in accordance with paragraph 23, a Receiving Party must promptly return, sequester, or destroy the specified Protected Information and any copies it has; must take reasonable steps to retrieve the Protected Information if the Receiving Party disclosed it before being notified; and must not use or disclose the Protected Information until the claim of privilege or protection is resolved (other than for the purposes of assessing whether or not to contest the claim of privilege). If the Receiving Party chooses to contest the claim of privilege, it must promptly present the Protected Information to the Court under seal for

a determination of the claim.  The Producing Party must preserve the Protected Information until the claim is resolved.

25. Nothing in this Protective Order shall prevent a Receiving Party from challenging the privilege or protection asserted by the Producing Party or limit the right of a Receiving Party to petition the Court for an in camera review of the Protected Information.  Pursuant to Fed. R. Civ. P. 26, the Producing Party bears the burden of establishing the privilege or protection of all challenged documents and information.

26. This Protective Order does not preclude a party from voluntarily waiving any privilege or work product protection.  The provisions of Fed. R. Evid. 502(a) apply when the Producing Party uses or indicates that it may use Protected Information to support a claim or defense.

## MISCELLANEOUS

27. Unless otherwise specifically agreed to herein, nothing in this Protective Order shall change the discovery obligations provided for in the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, the Court's standing orders, or any orders issued in this Litigation.

28. Should a Party seek to appeal this Litigation, then the Parties agree to confer in good faith and try to reach agreement on other customary protections for Confidential Information and that the Party seeking to use Confidential Information provide written notice to each Third Party whose Confidential Information is sought to be used in the appeal to allow the Third Party to intervene if necessary to seek protection for its Confidential Information.  Absent a contrary agreement between the Parties, a Party intending to file documents in an appeal to the United States Court of Appeals for the Second Circuit shall make reasonable, good-faith efforts to protect Confidential Information that it intends to reference or include in its filing.

29. Even after the Final Disposition of the Litigation and any appeals, the confidentiality obligations imposed by this Protective Order shall remain in effect until the Producing Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Litigation, with prejudice or without prejudice after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law, or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

30. All provisions of this Protective Order restricting the use of Confidential Information shall continue to be binding on the Parties and all other persons who have received Confidential Information hereunder until Final Disposition or further order of a court, unless agreed otherwise by the Producing Party. After Final Disposition and within sixty (60) calendar days after being requested by a Producing Party, each Party who has received Confidential Information must return all Confidential Information to the Producing Party or destroy such material. As used in this subdivision, "Confidential Information" includes all copies, abstracts, compilations, summaries, and other format reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 60-day deadline that (1) makes a reasonable, good-faith attempt to identify (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the Receiving Party has made a reasonable, good-faith attempt to avoid retaining any copies, abstracts, compilations, summaries or

any other format reproducing or capturing any of the Confidential Information.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert report, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to the provisions of this Protective Order.

31.     To the extent not otherwise prohibited by applicable law, upon receipt of a subpoena, civil demand, inquiry, order or any other process or as required to comply with applicable federal banking regulations (a "Subpoena") seeking Confidential Information, the Party receiving the Subpoena shall, within five (5) business days of receipt of such Subpoena and identification of the fact that such Subpoena calls for Confidential Information, notify Counsel for the Producing Party, provide Counsel for the Producing Party with a copy of the Subpoena, and notify the issuer of the Subpoena of the existence of this Protective Order, provided, if there is a directive in the Subpoena, or from the issuer of the Subpoena, that directs anything inconsistent with this sentence, the Party receiving the Subpoena may comply with the directive in the Subpoena or from the issuer of the Subpoena.  The Party receiving the Subpoena shall cooperate with all reasonable requests of the Producing Party to defend against the Subpoena.  However, nothing herein shall prevent a Receiving Party from disclosing any documents, information or testimony protected herein when the Receiving Party is legally compelled by a governmental agency or other third party as mandated by law to disclose such documents, information or testimony, so long as the Party receiving the Subpoena has satisfied the aforementioned criteria in advance of any such disclosure.  In the event that Confidential Information is provided to a non-party to this Stipulation and Order in response to a Subpoena, such Confidential Information shall

continue to be treated by the Parties in accordance with the designation as Confidential or Highly Confidential.

32. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized herein, the Receiving Party must, within three (3) business days after its discovery: (1) notify in writing the Producing Party of the unauthorized disclosure, (2) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (3) inform the person or persons to whom the unauthorized disclosures were made of the terms of this Protective Order, and (4) request the person or persons to immediately execute Exhibit A hereto.

33. The terms of this Protective Order shall apply to all manner and means of discovery. The provisions of this Protective Order may be modified at any time by stipulation of the Parties, approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order. Nothing in this Protective Order shall constitute (1) any agreement to produce in discovery any document, information or testimony, (2) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation, or (3) a waiver of any claim or immunity, protection, or privilege with respect to any document, information or testimony. No Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

34. The use of Confidential Information as evidence at trial or a hearing in this case shall be subject to such protection as the Court shall determine at the time of the trial or hearing. Designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," information under this Protective Order has no bearing on admissibility and no relevance to this Litigation itself.

35. Until the Court enters, in whole or in part, or denies this Protective Order, this Protective Order shall be considered a binding and enforceable agreement of Plaintiff and Defendants, and it may be enforced by Third Parties that produce documents, information or testimony in this Litigation in reliance upon it.

Respectfully submitted,

| /s/ Lara Samet Buchwald | /s/ Robert J. Ward | /s/ Daniel H. Tabak |
|---|---|---|
| Lawrence Portnoy<br>Lara Samet Buchwald<br>Tina Hwa Joe | Michael L. Cook<br>Robert J. Ward<br>Frank W. Olander | Daniel H. Tabak<br>Stephen M. Sinaiko<br>Marvin J. Lowenthal |
| DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>(212) 450-4000 | SCHULTE ROTH & ZABEL LLP<br>919 Third Avenue<br>New York, New York 10022<br>(212) 756-2000 | COHEN & GRESSER LLP<br>800 Third Avenue, 21st Floor<br>New York, New York 10022<br>(212) 957-7600 |
| *Counsel for Defendants Bank of America, N.A., Capital One, N.A., Fifth Third Bank, JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., The Bank of Tokyo-Mitsubishi UFJ, Ltd. (n/k/a MUFG Bank, Ltd.), SunTrust Bank (n/k/a Truist Bank), BMO Harris Bank, N.A., CIBC Bank USA (f/k/a/ The PrivateBank & Trust Company), U.S. Bank National Association, and PNC Bank, National Association* | *Counsel for Defendants TPG Specialty Lending, Inc. (n/k/a Sixth Street Specialty Lending, Inc.), PNC Bank, Nat'l Assoc., Tao Talents, LLC, and Pontus Holdings, Ltd.* | *Counsel for Plaintiff Eddystone Rail Company, LLC* |

Dated: December 2, 2021                          UNITED STATES DISTRICT COURT

*[signature: Gabriel W. Gorenstein]*

_____
Gabriel W. Gorenstein, U.S.M.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
Eddystone Rail Company, LLC, :
:
                Plaintiff, :
:
   – against – :
: Case No. 1:19-cv-09584 (GBD)
Bank of America, N.A., Capital One, N.A., Fifth Third :
Bank, JPMorgan Chase Bank, N.A., Wells Fargo :
Bank, N.A., The Bank of Tokyo-Mitsubishi UFJ, Ltd., :
Suntrust Bank, BMO Harris Bank, N.A., CIBC Bank :
USA (f/k/a The PrivateBank & Trust Company), U.S. :
Bank National Association, TPG Specialty Lending, :
Inc., PNC Bank, Nat'l Assoc., Tao Talents, LLC, and :
Pontus Holdings, Ltd., :
:
                Defendants. :
:
------------------------------------------------------------ x

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the foregoing Protective Order entered by the Court in the above-captioned action and that he/she understands the terms thereof, and agrees, upon threat of penalty of contempt and a claim for possible damages, to be bound by such terms, including specifically as to the use and confidentiality of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" documents, information and testimony.

Date: _____

Signature: _____

Printed Name: _____